UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: LEHIGH VALLEY PROPERTIES,  :      Case No. 12-16664REF

INC.,                            :      Chapter 11

                    Debtor       :

# MEMORANDUM OPINION SUPPORTING BENCH ORDER AND WRITTEN ORDER ENTERED ON SEPTEMBER 27, 2012

## I. INTRODUCTION

This Memorandum Opinion is written pursuant to Local Bankruptcy Rule 8001-1(b), which permits me to file a written opinion in support of an order that is the subject of an appeal. Local Rule 8001-1(b) provides that I may file such an opinion within 14 days of the filing of the notice of appeal. The 14-day time period expired on October 25, 2012. On October 17, 2012, however, I filed a Notice of Request for Additional Time To Prepare Opinion, in which I explained that I needed additional time to prepare the opinion because the transcript of the underlying hearing that is the subject of this appeal would not be filed until

October 22, 2012,[1] and I had a prior, long-scheduled obligation to attend the

National Conference of Bankruptcy Judges meetings and seminars on October 23 –

26, 2012. Because nothing in either the Local Bankruptcy Rules or the Federal

Rules of Bankruptcy Procedure provides a mechanism for requesting additional

time to file an opinion in support of an order that is the subject of an appeal, and

because the appeal had not yet been assigned to a District Court Judge, I filed my

Notice of Request for Additional Time To Prepare Opinion on the docket of this

case.

---

[1] As it turns out, the transcript was not filed until October 23, 2012.

# II. PROCEDURAL HISTORY

Debtor filed this Chapter 11 bankruptcy petition on July 13, 2012. On August 7, 2012, the City of Allentown (the "City") filed a Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362 (the "Motion" or the "Stay Relief Motion") to allow it to pursue its rights in connection with a state court condemnation proceeding that had been initiated by the City nearly two years before Debtor filed this Chapter 11 petition. Debtor responded to the City's Stay Relief Motion on August 16, 2012. I conducted a hearing on the Stay Relief Motion on August 30, 2012, after which I entered a written Order on that same date granting the City's Motion based on my oral statement of the reasons for entering the Order in open Court during the hearing.

On September 7, 2012, Debtor filed a Motion To Reconsider my August 30, 2012 Order granting the City's Stay Relief Motion, to which the City objected on September 24, 2012. At the September 27, 2012 hearing on Debtor's Motion To Reconsider, I entered my bench Order granting the Motion To Reconsider. Upon my reconsideration of the City's Lift Stay Motion and after Debtor presented all of its evidence and argument, I reaffirmed, ratified, and restated my August 30, 2012 Order granting stay relief to the City. My September 27, 2012 bench Order also granted relief to Debtor to allow it to proceed in state

court to defend, prosecute, and otherwise address and participate in any aspect of

the state court condemnation proceeding. I entered a written Order later in the day

on September 27, 2012, reaffirming, ratifying and restating the September 27, 2012

bench Order. Debtor filed its Notice of Appeal of my September 27, 2012 Order

on October 11, 2012.[2]

---

[2] Debtor also filed a Motion for Leave To Appeal and a Motion for Stay Pending Appeal on October 11, 2012. Debtor withdrew the Motion for Leave To Appeal on October 17, 2012. Debtor's Motion for Stay Pending Appeal had been scheduled for a hearing to be held yesterday, November 1, 2012. This hearing was canceled by the Clerk's Office, however, because I had granted the Motion of the United States Trustee To Dismiss this bankruptcy case on October 18, 2012.

# III.  FACTUAL  BACKGROUND

Debtor was the owner of three parcels of real property (the "property") located in Lehigh County, Pennsylvania.  In the fall of 2010, the City expressed interest in Debtor's property as part of its American Parkway Project, a multi-million dollar project that will connect downtown Allentown and U.S. Route 22.  By letter dated May 10, 2011, the City notified Debtor of its estimate of just compensation, advising Debtor that it intended to pay Debtor $100,400 for the property. This compensation estimate was based on a certified appraisal prepared for the City, dated October 21, 2010.  The City then adopted a resolution on August 3, 2011 authorizing the condemnation of the property in accordance with the Eminent Domain Code of Pennsylvania, as amended, 26 Pa. C.S.A. §§101-1106.[3]  Pursuant to the resolution, the City Solicitor filed a Declaration of Taking on August 22, 2011 titled In re: Condemnation by City of Allentown of Certain Property Now or Formerly of Lehigh Valley Properties for the Construction of the American Parkway Bridge Project ("the Declaration") in the Lehigh County Court of Common Pleas (the "state court"), docketed to No. 2011-C-3040.

---

[3] The Pennsylvania Eminent Doman Code of 1964 was repealed in 2006 and recodified in the Pennsylvania Consolidated Statutes Annotated at 26 Pa. C.S.A. §§101-1106. See 2006, May 4, P.L. 112, No. 34.

The City provided Debtor and the parties holding liens on the property with written notice of the taking within thirty days of the filing of the Declaration. The notice was recorded and indexed in the Lehigh County Recorder of Deeds office. Debtor failed to file preliminary objections or take any other action in response to the Declaration of Taking. On December 12, 2011, the City provided Debtor with twenty days advance notice of its intention to file a petition to pay the City's estimate of just compensation along with a copy of the schedule of the proposed distribution of the compensation. On January 6, 2012, the City filed its Petition To Pay its Estimate of Just Compensation and a Petition for Writ of Possession with the state court. On February 13, 2012, the state court granted the City's Petition To Pay its Estimate of Just Compensation and directed the City to deposit the amount of $100,400 with the Lehigh County Clerk of Judicial Records. On this same date, the state court entered an Order granting the City's Writ of Possession.

On July 13, 2012, Debtor filed with the state court its Petition for Leave To File Preliminary Objections to the Declaration of Taking Nunc Pro Tunc. On that same day, Debtor filed its Chapter 11 bankruptcy petition. As a result of Debtor's bankruptcy, the state court stayed the condemnation proceeding through its Order dated July 16, 2012. On August 7, 2012, the City filed its Stay Relief Motion.

# IV.  DISCUSSION

During the original hearing, on August 30, 2012, at which I considered the City's Stay Relief Motion, Debtor took issue with the failure of the Motion to specifically request relief from the automatic stay under 11 U.S.C. §362(d)(1). Instead, the City's Motion assumed that the condemnation proceeding was not affected by the automatic stay because:  (1) It allegedly involved an exercise of the City's police and regulatory power and was therefore exempt from the automatic stay through 11 U.S.C. §362(b)(4); and (2) the property at issue was allegedly no longer property of the estate because, under Pennsylvania law, title to condemned property transfers from the original owner to the condemning authority at the moment that a declaration of taking is filed.  See 26 Pa. C.S.A. §302(a)(2).

I rejected the City's claim that the state court condemnation proceeding was exempt from the automatic stay under section 362(b)(4) and that Debtor had no interest in the property that was protected by the automatic stay.[4]  I also rejected Debtor's objection to proceeding further and permitted the City to proceed under section 362(d)(1).  I had concluded that no prejudice would result to Debtor from proceeding because, based on the arguments of Debtor's counsel, it

---

[4] I specifically found that Debtor's mere possessory interest in the property was entitled to the protection of the automatic stay.  Cuffee v. Atl. Bus. and Cmty. Dev. Corp. (In re Atl. Bus. and Cmty. Corp.), 901 F.2d 325, 328 (3d Cir. 1990); see also In re Dunlop, 378 B.R. 85, 91 (Bankr. E.D. Pa. 2007).

7

was evident to me that Debtor was ready and able to defend the section 362(d)(1)

"cause" claim at the hearing that day.[5]

After hearing counsel's arguments on the merits of the section

362(d)(1) "cause" issue,[6] I announced on the record that I would grant the City's

Stay Relief Motion because:

(1) The condemnation proceeding had been pending in the state court since

August 22, 2011, when the City filed the Declaration of Taking, and had proceeded

to the point at which a Writ of Possession had been granted to the City when

Debtor filed this Chapter 11 bankruptcy petition;

(2) the condemnation proceeding involves issues of state and constitutional

law that the state court is as able, if not more able, to handle than am I;[7]

(3) the City has everything it needs to obtain from the state court to complete

the condemnation proceeding except actual possession of Debtor's property and

each step of the way, the City had provided Debtor with notice, yet Debtor chose to

ignore the state court condemnation proceeding and filed this Chapter 11

---

[5] I also found that refusing to permit the City to proceed under section 362(d)(1) would merely delay the inevitable because the City could simply file a section 362(d)(1) motion the next day along with a request for expedited consideration.

[6] Neither the City nor Debtor presented any testimony or other evidence during the August 30, 2012 hearing. Instead, counsel proceeded by stating what they believed were the facts and neither counsel claimed the other had misstated anything.

[7] I also questioned on the record whether I would have the power to issue a final decision on the condemnation and constitutional issues given the Supreme Court's decision in Stern v. Marshall, ___ U.S. ___, 131 S.Ct. 2594 (2011).

bankruptcy petition primarily to delay the state court condemnation proceeding or

move it to an entirely different (and inappropriate) forum; and

(4) Debtor is requesting that I block enforcement of a Writ of Possession

entered by the state court, yet any issues that Debtor seeks to raise by way of the

Preliminary Objections it filed with the state court, or otherwise, may be raised in

the state court which is a more appropriate forum to decide the issues.

I entered a written Order, dated August 30, 2012, granting the City's

Stay Relief Motion.

On September 7, 2012, Debtor filed the Motion To Reconsider that is

the subject of this Memorandum Opinion to which the City objected.  I conducted

the hearing on Debtor's Motion To Reconsider on September 27, 2012.  At the

hearing, I announced that I was granting Debtor's Motion To Reconsider and

would allow Debtor to present testimony to defend against the City's argument that

"cause" existed to grant relief from the stay under section 362(d)(1). Counsel for

Debtor concurred on the record that he had been given the opportunity to fully

defend against the City's section 362(d)(1) "cause" issues.  After reconsideration, I

announced that I nevertheless reaffirmed, ratified, and restated my August 30,

2012 Order granting the City's Stay Relief Motion.

Debtor's primary argument during the September 27, 2012 hearing was that I should deny stay relief because the City and the county state court judges are biased against Debtor. The evidence presented by Debtor, however, was almost exclusively limited to the testimony of an employee of Debtor who believes that the City and the county state court are biased against Debtor. The employee's testimony focused on his belief that the amount of compensation offered by the City for the property in question is unfairly low and that the City would not negotiate with Debtor to arrive at a higher figure.

I stated during the hearing that the evidence did not establish bias and that Debtor could remedy any perceived bias through its state court avenues of appeal. Most importantly, I found that relief from the stay was required because I lack subject matter jurisdiction to decide the merits of the state court condemnation proceeding including any constitutional issues raised thereunder due to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is based on the principle that "federal … courts lack jurisdiction over suits that are essentially appeals from state-court judgments …." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010).

The Rooker-Feldman doctrine applies when:

> (1) [T]he federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state court

judgments;" (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the [federal] court to review and reject the state court judgments."

Id. at 166, citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, the state court had granted the City's Petition To Pay its Estimate of Just Compensation and the City's Petition for Writ of Possession on February 13, 2012. Debtor, the unsuccessful party in the state court proceeding, is now asking me to review and reject those state court decisions. Quite simply and equally clearly, Rooker-Feldman prohibits me from doing so. Id.; see also In re Dunlop, 378 B.R. 85, 91-4 (Bankr. E.D. Pa. 2007).

For this reason, I found, at the conclusion of the September 27, 2012 hearing, and I conclude now, that I lack subject-matter jurisdiction to decide the merits of the state court condemnation proceeding and the constitutional issues that Debtor seeks to raise thereunder and that the City's Stay Relief Motion must be granted to allow the litigation to proceed in the state court.[8] I therefore entered a

---

[8] Assuming arguendo that the Rooker-Feldman doctrine did not preclude me from deciding the merits of the state court condemnation proceeding, I nonetheless granted the City's Stay Relief Motion because "cause" exists to grant relief under section 362(d)(1) to permit a state court proceeding that was pending pre-petition to continue when no great prejudice is shown to result to the bankruptcy estate. See In re The SCO Group, Inc., 395 B.R. 852, 856-57 (Bankr. D. Del 2007); In re Bruce, Case No. 00-14521DWS, 2000 WL 968777, at*3 (Bankr. E.D. Pa. July 10, 2000); In re Kaufman, 98 B.R. 214, 215 (Bankr. E.D. Pa. 1989). I utterly reject Debtor's unsubstantiated claims about the bias of the judges on the bench of the Lehigh County Court of Common Pleas. I find and conclude that no prejudice would result to Debtor's bankruptcy estate if the condemnation proceeding continues in the state court where it originated

bench Order, followed later in the day by a written Order, reaffirming, ratifying

and restating my August 30, 2012 Order granting the City's Stay Relief Motion.

---

because the impact on the bankruptcy estate would be no different whether the condemnation proceeding were decided in state court or in this court.  In addition, Debtor filed this Chapter 11 bankruptcy petition, immediately after it filed with the state court the Petition for Leave To File Preliminary Objections Nunc Pro Tunc to the City's Declaration of Taking for the primary purpose of either delaying the state court condemnation proceeding or moving to a new forum to fight the condemnation proceeding.  Under these facts, relief from the automatic stay based on "cause" under section 362(d)(1) is entirely appropriate.

# V.  CONCLUSION

For the foregoing reasons, I enter this Memorandum Opinion in

support of my September 27, 2012 bench Order and my September 27, 2012

written Order, both of which granted Debtor's Motion To Reconsider my August

30, 2012 Order granting the City's Stay Relief Motion.  Upon that reconsideration,

however, I concluded that I must reaffirm, ratify, and restate my August 30, 2012

Order granting the City's Stay Relief Motion.

BY THE COURT

DATE:  November 2, 2012        RICHARD E. FEHLING
United States Bankruptcy Judge